Jack D. HUME and Dorothy L. Hume, Appellants,

v.

FIRST NATIONAL BANK OF ST. JOSEPH, Missouri, Respondent.

No. WD 36052.

Missouri Court of Appeals, Western District.

April 16, 1985.

Martin M. Bauman, Bauman and Likes, St. Joseph, for appellants.

William H. Utz, III, Utz, Litvak, Thackery, Utz and Taylor, St. Joseph, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

CLARK, Presiding Judge.

This suit arose out of financing arrangements made in connection with the sale of a business owned by appellants. The purchasers of the business defaulted in payment of the purchase price owed and this suit was brought by appellants to recover from respondent bank their losses thereby incurred. The trial court denied relief and this appeal followed. Affirmed.

The sale of the business by appellants to Michael and Rebecca Mowry for a price of $25,000.00 was agreed in November, 1977. The entire purchase price was to be paid in deferred installments. Involvement of respondent bank in the transaction arose as a consequence of a most unusual agreement for processing the deferred installment payments. Apparently the Mowrys were unable or unwilling to procure any funds on their own credit or collateral, but it was the desire of appellants that installment payments on the obligation be made by the Mowrys to respondent bank. Accordingly, the bank took a promissory note evidencing the $25,000.00 debt. This sum was then placed in a certificate of deposit in the names of appellants, but the certificate was held by the bank as collateral for the note. The Mowrys and appellants signed the note as makers and appellants executed an assignment of the certificate of deposit to guarantee repayment of the note. Thus, after the transaction was closed, the Mowrys owned the business, they and appellants owed the bank $25,000.00 and appellants owned the certificate of deposit, subject to repayment of the note.

The promissory note was for a term of one year and called for monthly installment payments of $316.69. These payments obviously were insufficient to retire the debt. Although the note made no provision for renewal at maturity, such was apparently the assumption of the parties. During the first year, irregular payments by the Mowrys covered accrued interest at 9% and reduced the principal balance to $23,479.98. In November, 1978, a new note executed by the Mowrys was taken by the bank. The payment terms were the same, that is, a one year term and monthly installments of $316.69. One such payment was made in April, 1979 and none thereafter.[1] Appellants did not sign the renewal note. The original note which appellants did sign included the provision that any extension or renewal of the note, even without notice, would not affect the obligation of any original makers, guarantors, endorsers, sureties or accommodation makers. On this account, appellants make no issue as to the availability of the collateral to satisfy the renewal note despite the absence of their signatures as makers.

On December 6, 1979, appellants made demand on respondent bank for redemption of the certificate of deposit. The request was refused, the bank called the note for payment by reason of the Mowrys default and on December 21, 1979, the bank set off an amount from the certificate of deposit sufficient to pay the Mowry note and accrued interest and remitted a balance of $2666.58 to appellants.

The crux of appellants' points on appeal lies in a letter which appellants' attorney sent to the bank on December 28, 1979. In the letter, appellants' attorney requested that the bank commence suit within thirty days against the Mowrys on the note in question. No such suit was in fact filed. The claim by appellants against the bank asserts that as sureties for the Mowrys' debt, appellants were entitled under § 433.010, RSMo.1978 to require that the bank

sue the Mowrys or, failing that, appellants were discharged from any obligation, according to the provisions of § 433.030, RSMo.1978. If appellants' obligation as sureties was extinguished, then application of the certificate of deposit to satisfy the Mowrys' note was a conversion and appellants are entitled to damages. As appellants' counsel posed the only issue submitted to the trial court, " * * * the thrust of the Humes' argument and the evidence that we will attempt to elicit here today will go to the fact of whether or not they are a surety as opposed to a guarantor and thus entitled to protection under 433 of the Missouri Revised Statutes."

There were no contested fact issues at trial. The question of whether respondent bank forfeited its entitlement to look to appellants for payment of the note was solely one of law. Although appellants present three points on appeal, each contends that the trial court erroneously applied the law in failing to give appellants the protective benefits of §§ 433.010 and 433.030, RSMo.1978. We review the points conjunctively.

Section 433.010, RSMo.1978 provides that any person bound as surety for another may at any time "after an action has accrued thereon" require the person having the right of action to commence suit against the principal debtor. Section 433.030, RSMo.1978 declares that the surety is discharged if the person so notified fails to commence suit against the principal within thirty days after notice. Appellants claim they fall within the protected class of sureties.

Appellants devote some discussion to the proposition that they were sureties for the Mowrys' debt. This they say follows because under all the evidence, it was presumed in this transaction that the Mowrys would pay the note. In point of fact, however, appellants executed the original note

---

**1.** No direct evidence concerning the Mowrys was offered, but statements by counsel suggest that the business was evidently abandoned and the Mowrys cannot be located. Recourse to the

Mowrys for payment of the remaining debt for the business purchase has apparently proved worthless.

as makers. They may have been sureties so far as their relationship with the Mowrys, but as to the bank, appellants were co-makers of the note, the consideration for which was the deposit of $25,000.00 evidenced by the interest bearing certificate.

■ Assuming, however, without deciding, that appellants have standing as sureties, they yet have no claim to exoneration under the facts of this case. It is hornbook law that a surety is entitled to maintain an action to force payment of the obligation by the debtor primarily liable only after the surety has first paid the debt. The cause of action is then one against the principal debtor. Here, when the bank set off the certificate of deposit against the Mowrys' note, appellants, if they were sureties, acquired a cause of action against the Mowrys. The cause was theirs to pursue, not the bank's because nothing was owed to the bank.

■ Section 433.010, RSMo.1978 was obviously designed to cover the situation in which the creditor holds the matured debt of a principal and the undertaking of a surety, but suit has not yet been instituted to collect the obligation from the principal. The statute creates a right in the surety to require the creditor's suit against the principal for the protection of the surety before the surety acquires the cause of action by satisfying the debt himself. The statute is obviously inapplicable to the case here, even if appellants' argument that they stand as sureties be accepted.

Under the sequence of events recounted earlier, the bank declared default in payment of the note on December 11, 1979 and notified appellants of its intention to foreclose on the certificate of deposit within ten days. Appellants did nothing with respect to the obligation and on December 21, 1979, the certificate of deposit was applied to the note and the balance of funds was remitted to appellants. When appellants sent their letter to the bank two days later requesting that suit be filed against the Mowrys, any cause of action the bank formerly had against the Mowrys, had been extinguished by payment. There simply was no entitle-ment by the bank to pursue a cause of action.

Appellants resort to § 433.010, RSMo. 1978 was untimely. If any rights under the statute existed in this transaction, a doubtful proposition, it was incumbent on appellants to give the statutory notice when the bank called the note and before the bank used the collateral to satisfy the note. Thereafter, the cause of action had passed to appellants, there being no debt upon which the bank could assert any claim against the Mowrys. It is ultimately, therefore, irrelevant to disposition of this cause whether appellants be makers, guarantors, or sureties. Their sole claim was and is against the Mowrys for what was, at the inception of the transaction, and is now payment of the agreed purchase price for the business.

The judgment in favor of respondent is affirmed.

All concur.